JONAS WHITMAN *vs.* RACHEL WHITMAN & another.

W. made a will, devising to her three sons, Samuel, Cyrus and Isaac, each one undivided fourth part of all her real estate, and the other fourth part to B. and J., in trust for her son Jonas: W. afterwards conveyed by deed part of said real estate, by metes and bounds, to her son Samuel in fee, and the residue thereof to B. and J. in trust for her sons, Cyrus, Isaac and Jonas, after her death: After W.'s death, Samuel made a deed of quitclaim to Jonas of all his (Samuel's) right and title to the real estate which W. conveyed to B. and J. for the benefit of said Jonas, and also to "all the real estate devised to B. and J., in trust for said Jonas, in the last will of said W." *Held*, that, by the latter clause in this deed, Jonas acquired title to an undivided fourth part of the real estate of W. which was not conveyed by her to B. and J.

PETITION FOR PARTITION of lands in Barnstable. The petitioner averred that he was seized, as tenant in common with the respondents, of one undivided fourth part of the premises described in his petition, being the same that were conveyed to Samuel Whitman by his mother, Mercy Whitman, by deed executed and delivered on the 28th of July 1832. The respondents denied that the petitioner was seized of any part of said premises.

The case was submitted to the court on the following agreed statement: On the 23d of June 1831, Mercy Whitman was seized in fee of the said premises, and other real estate, and on that day made her last will, and therein, among other things, devised to her sons, Samuel, Cyrus and Isaac, each one fourth part of all her real estate. The remaining fourth part of her real estate she devised to Stephen Bailey and Josiah Whitman, in trust for the benefit of her son Jonas, the petitioner, to have and to hold to them, and their heirs and assigns forever. This will was proved and allowed on the 14th of November 1835. Said Mercy did not die seized of said real estate; having, on the 28th of July 1832, conveyed that part thereof, of which partition is now sought, to her son Samuel Whitman, by deed of warranty; and having, on the 18th of June 1834, conveyed to Stephen Bailey and Josiah Whitman, by deed of warranty, other parts thereof, particularly described, and " other real estate not heretofore conveyed away by deed," in trust for the benefit of her sons Cyrus, Isaac and Jonas, (the petitioner,) after her decease; from which three sons she alleged, in said deed, that she had received the consideration for making said conveyance.

On the 7th of April 1837, said Samuel Whitman made a quitclaim deed to said Jonas, the petitioner, which thus described the premises thereby released : " All the right, title and interest which I have in and to all the real estate which was conveyed to Stephen Bailey and Josiah Whitman, by my mother, Mercy Whitman, for the benefit of said Jonas, by deed dated on the 18th day of June A. D. 1834, which is on record. Also, all the right, title and interest which I have in and to all the

23 *

real estate devised to said Stephen and Josiah, in trust for said Jonas, in the last will and testament of said Mercy."

On these facts, it was agreed that if the petitioner was entitled to any interest in the premises described in his petition, he should have judgment for partition ; otherwise, that his petition should be discontinued.

*J. Reed & Scudder,* for the petitioner.

*Beal & Marston,* for the respondents.

The opinion of the court was delivered at October term 1844.

WILDE, J. Upon the facts agreed, we think it very clear that the petitioner has a good legal title to the undivided quarter part of the premises, as claimed in his petition. This share was devised by Mercy Whitman, the former owner of the premises, to Stephen Bailey and Josiah Whitman, in trust for the benefit of the petitioner ; but she afterwards conveyed the premises to Samuel Whitman, and he afterwards conveyed the share now claimed to the petitioner. The words of the conveyance are, " all the right, title and interest which I have in and to all the real estate devised to said Stephen and Josiah, in trust for said Jonas, in the last will and testament of said Mercy."

These are words of description of the estate intended to be conveyed ; and unquestionably they passed the legal estate to the petitioner.

It was argued for the respondents, that by the words " estate devised " nothing was intended to be conveyed but such property as would pass by the will. But it is impossible to support this construction ; for after the conveyance of the whole real estate by Mercy Whitman, nothing but personal property could pass by her will. And the intention of the parties to the conveyance, to convey the real estate intended to pass by the will, is very manifest.

*Judgment for partition.*